*538
 
 Pearson, C. J.
 

 The case turns upon the meaning of the words “clear out the canal,” as used in the bond and award. The literal meaning is to “ clean out,” or to remove all extraneous matter, such as trees that may have fallen in, or dirt by the caving in of the bank, or grass and weeds, and any other substances that may have accumulated and obstructed the flow of the water; so as to restore it to its original condition, and make it the same as when it was new. We are to be governed by the literal meaning of words which parties make use of to express their intention, unless there be something in the instrument, or the nature of the subject matter to authorise a construction by which the meaning is extended. In this instance, there is nothing to extend the meaning so as to include
 
 deepening !
 
 Admit that the canal, as at first made, was not deep enough, and did not answer the purpose of draining to the extent originally contemplated, what is there in the bond to show that the defendant was satisfied of the fact that the canal ought to be made deeper? Or was not contentwith the benefit which he derived from it, as it was made at first, and was willing to join in the expense of making it deeper? If the words include deepening, they could in like manner be made to include widening, and the absence of any stipulation for the purpose of ascertaining whether it was necessary in Order to effect the
 
 mutual
 
 purpose of the parties to make the canal deeper or wider, and if so,, to what extent, proves that the defendant only intended to bind himself for a portion of the expenditure necessary in order to restore the canal to its original condition, and used the words “clear out” in their literal sense.
 

 Per Curiam,
 

 There is error.
 
 Venire de novo